

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SINCLAIR M. FABOR,

    Plaintiff,

v.                                              23-CV-831 (JLS) (MJR)

NIAGARA FRONTIER
TRANSPORTATION AUTHORITY,

    Defendant.

---

## DECISION AND ORDER

    Plaintiff Sinclair M. Fabor commenced this action against his former employer, Defendant Niagara Frontier Transportation Authority ("NFTA"), asserting claims for unlawful race discrimination and retaliation in violation of Title VII Civil Rights Act of 1964. *See* Dkt. 1. The case has been referred to United States Magistrate Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 5.

    On October 27, 2023, Defendant moved to dismiss or, in the alternative, for summary judgment. Dkt. 4. Plaintiff opposed the motion, Dkt. 12, and Defendant replied. Dkt. 13. The parties then submitted supplemental briefing. *See* Dkt. 16, 17, 18, 19.

    On September 20, 2024, Judge Roemer issued a Report and Recommendation ("R&R"). Dkt. 20. The R&R recommends that this Court deny Defendant's motion to dismiss because (1) dismissal is inappropriate under the "plea of other suit pending"

doctrine; and (2) Plaintiff's claims are not time-barred. *See id.* at 9-19.[1] It further recommends that this Court deny Defendant's motion for summary judgment, without prejudice to renewal, because "the *Collins* doctrine does not fairly apply to this pre-discovery motion for summary judgment." *See id.* at 26.

Defendant objected to the R&R. Dkt. 21. Specifically, Defendant objects to the R&R's conclusions that: (1) the 90-day statute of limitations does not apply; (2) Defendant has not proven Plaintiff's receipt of notice; (3) equitable tolling of the statute of limitations should extend beyond June 21, 2023; (4) the "plea of other suit pending" doctrine does not apply; and (5) summary judgment under the *Collins* doctrine is inappropriate at this juncture. *See id.* Plaintiff opposed the objections, Dkt. 23, and Defendant replied. Dkt. 24.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections, and the relevant record. Based on its *de novo* review, the Court accepts and adopts the R&R's recommendation

---

[1] Page numbers refer to the CM/ECF stamped numbering in the header of each page.

2

to deny Defendant's motion to dismiss based on the "plea of other suit pending" doctrine.

The Court, however, rejects the R&R's recommendation to deny Defendant's motion to dismiss on timeliness grounds. Instead, that motion is granted.

To be timely, "a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right-to-sue letter." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) (citing 42 U.S.C. § 2000e–5(f)(1)). The "90-day period is 'strictly enforced[.]'" *Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 589 (W.D.N.Y. 2008) (quoting *Holmes v. NBC/GE*, 914 F. Supp. 1040, 1042 (S.D.N.Y.1996)). And "'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'" *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (quoting *Rice v. New England College*, 676 F.2d 9, 11 (1st Cir. 1982)).

The facts here are unusual. The EEOC allegedly issued a right-to-sue letter to Plaintiff on August 26, 2019—which preceded a prior federal action that Plaintiff commenced on November 20, 2019. *See* Dkt. 1-3 ¶ 4 (Affirmation of Lindy Korn) ("On November 20, 2019 Plaintiff filed his complaint in US District Court (Western District of New York) upon exhaustion of administrative remedies and assigned case number 19-cv-01573); W.D.N.Y. Case No. 19-CV-1573, Dkt. 1 ¶ 7 (alleging that "the EEOC issued a Dismissal and Notice of Rights on August 26, 2019 . . . ."). But in a Decision and Order dated September 7, 2021, the court concluded that "the Right to Sue letter was premature," and, therefore, "remanded" the matter "to the EEOC for further

3

administrative proceedings." *Fabor v. Niagara Frontier Transportation Auth.*, No. 19-CV-1573S, 2021 WL 4060420, at *9-10 (W.D.N.Y. Sept. 7, 2021).

Next, Plaintiff's counsel details various communications that occurred between her office and the EEOC following the remand of Case No. 19-CV-1573—but prior to commencement of the current case—regarding the status of Plaintiff's underlying administrative proceeding. *See* Dkt. 1-3 ¶¶ 7-23. The latest of these communications occurred on March 21, 2023, where EEOC Regional Director Maureen Kielt called the office of Plaintiff's counsel and "left a voicemail . . . expressing that the EEOC is not taking any further action in this matter." *See id.* ¶ 23. There is no evidence that Plaintiff's counsel had any further communication with the EEOC regarding Plaintiff's case, or that any subsequent right-to-sue letter was issued. The clock started ticking on March 21, 2023.

Even where a claimant "did not receive a right-to-sue letter," the "ninety-day statute of limitations begins to run when a claimant or his attorney receives actual notice of the dismissal of the EEOC complaint." *Hilton v. Bedford Paving*, LLC, No. 08-CV-6552 CJS, 2011 WL 3957269, at *9 (W.D.N.Y. Sept. 7, 2011) (citing *Loftin v. New York State Dep't of Mental Health*, 80 F. App'x 717, 718 (2d Cir. 2003) (summary order)).

In *Loftin*, the Second Circuit concluded that the plaintiff's "Title VII claim was time-barred" where, "[e]ven assuming late or faulty mailing of the right-to-sue letters, [the plaintiff] had actual notice of the EEOC's closure of his case upon receipt of the EEOC's August 6, 2001 letter advising him that his case had been closed," and "[d]espite having actual notice of closure, [the plaintiff] filed his complaint on June 14,

4

2002, more than 90 days later." 80 F. App'x at 718. *See also Beggan v. New York Times*, No. 91 CIV. 8343 (LJF), 1992 WL 111090, at *1 (S.D.N.Y. May 6, 1992) ("there is no dispute that Beggan contacted the EEOC on August 2, 1991, and was informed that his claims had been dismissed. That actual, verbal notification was sufficient to put Beggan on notice of the EEOC's determination, and to trigger the statutory time limit for filing a federal action").

Indeed, the March 21, 2023 voicemail put Plaintiff's counsel on actual notice that that EEOC had closed Plaintiff's administrative case, thereby triggering the 90-day filing period. Because Plaintiff waited until August 15, 2023—nearly five months later—to commence this action, his claims are untimely. *See Loftin*, 80 F. App'x at 718; *Beggan*, 1992 WL 111090, at *1; *Ziyan Shi v. New York Dep't of State, Div. of Licensing Servs.*, 393 F. Supp. 3d 329, 342 (S.D.N.Y. 2019) ("Plaintiff's Title VII claims are not timely. Plaintiff did not file suit until April 19, 2018—91 days after receipt of the January 18 E-mail which put counsel on actual notice of DOJ's decision"); *Ball v. Abbott Advert., Inc.*, 864 F.2d 419, 420 (6th Cir. 1988).[2]

Equitable tolling—to the extent it could apply—does not save Plaintiff's claims. When "determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine

---

[2] The Court rejects Plaintiff's argument that the 90-day filing period does not apply because this matter "was remanded to the Commission by the Court," while 42 U.S.C. § 2000e-5(f)(1) applies to "a charge filed with the Commission pursuant to subsection (b)." *See* Dkt. 17 at 3 (opposing Defendant's motion); Dkt. 23 at 7 (responding to objections). The documents attached to Plaintiff's Complaint indicate that Plaintiff did file an EEOC charge, which he sought to amend as late as July 14, 2022. *See* Dkt. 1-11 ("attached, please find Mr. Fabor's Amended Complaint narrative to his Charge of Discrimination (525-2019-00901) . . .").

5

(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.'" *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003), as amended (July 29, 2003) (internal citation and quotation marks omitted).

Here, Plaintiff's counsel was on notice—as of March 21, 2023—that that EEOC had closed Plaintiff's administrative case. Yet counsel waited nearly five months to commence this action. There is no evidence that Plaintiff diligently pursued his rights, or that an extraordinary circumstance existed, during that timeframe. *See Bamba v. Fenton*, 758 Fed. Appx. 8, 11 (2d Cir. 2018) ("Bamba argues that never receiving the 2013 right-to-sue letter in the mail was an extraordinary circumstance. However, she does not address why she did not diligently pursue her rights by timely filing her lawsuit within 90 days of receiving her right-to-sue letter in March 2014 instead of bringing her lawsuit nearly one year later in March 2015. Accordingly, equitable tolling does not apply to save Bamba's claims set forth in her first EEOC complaint"); *Wright v. Martin, Harding & Mazzotti, LLP*, No. 1:22-CV-515 (MAD/ML), 2023 WL 7702515, at *3 (N.D.N.Y. Nov. 14, 2023), *reconsideration denied*, No. 1:22-CV-515 (MAD/ML), 2024 WL 2399906 (N.D.N.Y. May 23, 2024) ("Plaintiff alleges that he never received the original notice from the EEOC and only discovered that his case before the EEOC had been closed on February 16, 2022, when he spoke with the 'EEOC Director' by telephone. . . . Rather than immediately filing his complaint in this Court, Plaintiff waited ninety-one (91) days before commencing this action. . . . Such a

6

delay does not demonstrate the necessary due diligence to warrant the application of equitable tolling").

For the reasons above, Defendant's motion to dismiss (Dkt. 4) is GRANTED and the Complaint is DISMISSED.[3] The Clerk of Court shall close this case.

SO ORDERED.

Dated: February 18, 2025
Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Accordingly, Defendant's motion for summary judgment is DENIED as moot.